852 July 9, 2025 No. 637

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. R. W. H.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D. H.,
*Appellant.*

Linn County Circuit Court
21JU01208; A185387 (Control)

In the Matter of L. A. Y.-H.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D. H.,
*Appellant.*

Linn County Circuit Court
21JU01209; A185388

Heidi M. Sternhagen, Judge pro tempore.

Argued and submitted April 30, 2025.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Appeal dismissed as moot.

**PER CURIAM**

In this consolidated juvenile dependency case, father challenges the juvenile court's decision to place two of his children, L and J, with their maternal aunt in Wisconsin. In four assignments of error, he argues that the juvenile court erred in determining that placement was in the children's best interests. After briefing and oral argument in this case, respondent, the Oregon Department of Human Services, filed a Notice of Mootness under ORAP 8.45(3), asserting that the case is moot because father stipulated to judgments establishing permanent guardianships over the children.

We agree that father's stipulation to judgments establishing permanent guardianships over the children makes this case moot: Cases "in which a court's decision no longer will have a practical effect on or concerning the rights of the parties will be dismissed as moot." *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 15, 376 P3d 288 (2016) (brackets and internal quotation marks omitted). However, under ORS 14.175, we can decide a moot challenge to an act of a public body or official if "(1) the party that commenced the action had standing to commence it, (2) the challenged act *** is capable of repetition, and (3) the challenged act is likely to evade judicial review in the future." *Harisay v. Atkins*, 295 Or App 493, 496, 434 P3d 442 (2018), *aff'd sub nom Harisay v. Clarno*, 367 Or 116, 474 P3d 378 (2020) (paraphrasing ORS 14.175). It is a matter of our discretion whether to review a moot issue, even when all ORS 14.175 elements are met. *Id.* Assuming without deciding that all ORS 14.175 elements are met, we decline to exercise our discretion to review.

Appeal dismissed as moot.